26565.00A1Y9      cmd      Firm I.D. No. 412

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**DOCKETED**

| | |
|---|---|
| JOSHUA THEIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEXT PROTEINS, INC., f/k/a NEXT | ) |
| NUTRITION, INC., d/b/a NEXT PROTEINS | ) |
| INTERNATIONAL, ULTIMATE ENERGY | ) |
| COMPANY, ULTIMATE ORANGE ENERGY | ) |
| CO., LLC., MUSCLETECH RESEARCH AND | ) |
| DEVELOPMENT, INC., and GENERAL | ) |
| NUTRITION CORPORATION, d/b/a | ) |
| GENERAL NUTRITION COMPANIES, INC., | ) |
| a wholly owned subsidiary of ROYAL NUMICIO | ) |
| NV, | ) |
| Defendants. | ) |

NOV 1 0 2004

JUDGE KENNELLY

No.

# 04C 7248

Cook County Circuit Court,
IL Case No. 04 L 7864

## NOTICE OF FILING

To:   See attached Service List.

YOU ARE HEREBY NOTIFIED that on November 9, 2004, there was filed with the
Clerk of the United States District Court for the Northern District of Illinois, Eastern Division,
APPEARANCE, CIVIL COVER SHEET (JURY DEMAND) AND NOTICE OF REMOVAL
ON BEHALF OF DEFENDANT, MUSCLETECH RESEARCH & DEVELOPMENT, INC.,
copies of which are attached hereto.

WILLIAMS MONTGOMERY & JOHN LTD.
Firm I.D. #412
Attorneys for Defendant, MuscleTech Research & Development, Inc.
20 North Wacker Drive, Suite 2100
Chicago, IL 60606-3094
312-443-3200

## **PROOF OF SERVICE**

I certify that I served this Notice and the above referenced documents by mailing copies to whom they are directed at the address indicated above by depositing same in the U.S. Mail at 20 North Wacker Drive, Chicago, Illinois, on November 9, 2004, with proper postage paid.

_____
DAVID E. KRAVITZ

Joshua Theis v. Next Proteins, Inc.,
f/k/a Next Nutrition, Inc., d/b/a Next Proteins International, et al.

## SERVICE LIST

Attorneys for Plaintiff:

Paul B. Episcope, Ltd.
77 West Washington Street
Suite 300
Chicago, IL 60602
312-782-6636
Fax: 312-782-1114

Attorneys for Next Proteins, Inc.,
f/k/a Next Nutrition, Inc., d/b/a Next Proteins International,
Ultimate Energy Company and Ultimate Orange Energy Co., LLC,:

Jeffrey Singer
Segal, McCambridge, Singer & Mahoney, Ltd.
One IBM Plaza
330 North Wabash Avenue
Suite 200
Chicago, IL 60611
312-645-7800
Fax: 312-645-7711

Attorneys for General Nutrition Corporation:
Thomas J. Burke, Jr.
Hall, Prangle & Schoonveld, LLC
225 West Washington Street
Suite 2700
Chicago, IL 60606
312-345-9600
Fax: 312-345-9608

26565.00A1Y9     Firm I.D. No. 412

**DOCKETED**

NOV 1 0 2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOSHUA THEIS,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )
            v.                                   )     No.
                                                 )
NEXT PROTEINS, INC., f/k/a NEXT                  )
NUTRITION, INC., d/b/a NEXT PROTEINS             )
INTERNATIONAL, ULTIMATE ENERGY                   )     Cook County Circuit Court,
COMPANY, ULTIMATE ORANGE ENERGY                  )     IL Case No. 04 L 7864
CO., LLC., MUSCLETECH RESEARCH AND               )
DEVELOPMENT, INC., and GENERAL                   )     **MAGISTRATE JUDGE DENLOW**
NUTRITION CORPORATION, d/b/a                     )
GENERAL NUTRITION COMPANIES, INC.,               )
a wholly owned subsidiary of ROYAL NUMICIO       )
NV,                                              )
                    Defendants.                  )

**JUDGE KENNELLY**

### NOTICE OF REMOVAL

1.    A civil action entitled <u>Joshua Theis v. Next Proteins, Inc., f/k/a Next Nutrition,</u>

<u>Inc., d/b/a Next Proteins International, Ultimate Energy Company, Ultimate Orange Energy Co.,</u>

<u>LLC., MuscleTech Research and Development, Inc., and General Nutrition Corporation, d/b/a</u>

<u>General Nutrition Companies, Inc., a wholly owned subsidiary of Royal Numicio, NV</u>, Case No.

04 L 7864 was commenced on July 13, 2004 and is now pending in the Circuit Court of Cook

County, State of Illinois. (See Complaint at Law, attached hereto as Exhibit A.)

2.    Service was made upon defendants on the following dates:  Next Proteins, Inc.

f/k/a Next Nutrition, Inc., d/b/a Next Proteins International (October 14, 2004); Ultimate Energy

Company (not served); Ultimate Orange Energy Co., LLC (not served); MuscleTech Research &

Development, Inc. (October 26, 2004); and General Nutrition Corporation, d/b/a General

Nutrition Companies, Inc., a wholly owned subsidiary of Royal Numicio, NV (October 20, 2004).

3.    In its Complaint, the Plaintiff alleges that the defendants manufactured, marketed, sold and/or distributed dietary and nutritional supplements some of which were consumed by the plaintiff leading to the plaintiff's injuries (see Exhibit A). Furthermore, the plaintiff's attorney has advised one of the attorneys for MuscleTech Research & Development, Inc. that the plaintiff is a candidate for a heart transplant based upon consuming the aforementioned products.

4.    This Court has original jurisdiction over this action under 28 U.S.C. §1332, and this action may be removed to this Court by the defendant pursuant to 28 U.S.C. §1441 (b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.    Plaintiff is now, was at the time of the occurrence, and was at the time of the commencement of this action, domiciled in the State of Illinois. Consequently, the plaintiff, was at all relevant times, and is, a citizen of the State of Illinois.

6.    Defendant, MuscleTech Research & Development, Inc., is now, was at the time of the occurrence, and was at the time of the commencement of this action, a citizen of Canada, with its principal place of business in Canada. Consequently, Defendant, MuscleTech Research & Development, Inc. was at all relevant times, and is, a citizen of Canada.

7.    None of the defendants are citizens of the State of Illinois, pursuant to 28 U.S.C. §§1332 (a)(1), 1441(b).

8.    There is complete diversity of citizenship between the parties involved in this cause of action under 28 U.S.C. §1332 (a) since the Plaintiff and Defendants are now, were at the

2

time of the occurrence, and were at the time of the commencement of this action, citizens of different states, and there are no other parties to this action.

9.     Moreover, it is the Defendants' good faith belief that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. See U.S. District Court for the Northern District of Illinois Local Rule 81.2(a)(1).

10.     Pursuant to 28 U.S.C. 1446(b), a defendant has thirty (30) days after its first receipt of a paper from which to ascertain that a case is removable to file its Notice of Removal.

11.     A true and correct copy of this Notice of Removal will be filed with a Clerk of the Circuit Court of Cook County, State of Illinois, promptly after the filing of this Notice of Removal, as is required by 28 U.S.C. §1446(d).

12.     All Defendants who have been properly served at the time of the removal have consented to the attorneys for MuscleTech Research & Development, Inc. to the removal.

13.     In addition to the complaint at law (attached as Exhibit A), the only other state court pleading or order that this defendant is aware of is an order dated October 12, 2004 by Judge Jeffrey Lawrence continuing the state court case for a case management conference on December 7, 2004 (see order attached as Exhibit B).

14.     By filing this Notice of Removal, the defendant does not waive any defenses that may be available to it.

15.     This defendant demands trial by jury for all matters and controversies relating to the above captioned matter.

WHEREFORE, the defendant, MuscleTech Research & Development, Inc., by and through its attorneys, Lloyd E. Williams, Steven J. Roeder, David E. Kravitz and Sean G. Joyce,

pursuant to 28 U.S.C. §1441, *et. seq.*, hereby gives notice that this action has been removed from the Circuit Court of Cook County, Illinois, to this Court and for all other appropriate procedures.

Respectfully Submitted,

By: _____

One of their attorneys

Lloyd E. Williams, Jr.
Steven J. Roeder
David E. Kravitz
Sean G. Joyce
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Defendant, MuscleTech Research & Development, Inc.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, IL 60606
312-443-3200
312-630-8500 (general fax)

Doc ID - 671516

4

26565.00A1Y9    cmd     #412    Doc ID - 671580

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA THEIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEXT PROTEINS, INC., f/k/a NEXT | ) |
| NUTRITION, INC., d/b/a NEXT PROTEINS | ) |
| INTERNATIONAL, ULTIMATE ENERGY | ) |
| COMPANY, ULTIMATE ORANGE ENERGY | ) |
| CO., LLC., MUSCLETECH RESEARCH AND | ) |
| DEVELOPMENT, INC., and GENERAL | ) |
| NUTRITION CORPORATION, d/b/a | ) |
| GENERAL NUTRITION COMPANIES, INC., | ) |
| a wholly owned subsidiary of ROYAL NUMICIO | ) |
| NV, | ) |
| Defendants. | ) |

## AFFIDAVIT OF LLOYD E. WILLIAMS, JR.

Now comes the Affiant, Lloyd E. Williams, Jr., and if called to testify regarding this matter would testify competently to the following:

1.     That I am one of the attorneys representing MuscleTech Research and Development, Inc. in this matter.

2.     That MuscleTech Research & Development, Inc. was served with process on October 26, 2004.

3.     That the dates of service upon the other defendants listed in the Notice of Removal were related to me by the attorneys for these respective parties.

4.     That the plaintiff's attorney advised me that as a result of the conduct alleged in the Complaint at Law, the plaintiff is a heart transplant candidate.

Further affiant sayeth not.

Lloyd E. Williams, Jr.

Subscribed and sworn to before me
this 9th day of November, 2004.

Notary Public

```
"OFFICIAL SEAL"
CYNTHIA M. DANIELS
Notary Public, State of Illinois
My Commission Expires 3/8/07
```

MTM/clb    04-03    #20075

STATE OF ILLINOIS     )
                      )    SS.
COUNTY OF C O O K      )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JOSHUA THEIS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. |
| NEXT PROTEINS, INC., f/k/a NEXT NUTRITION, INC., d/b/a NEXT PROTEINS INTERNATIONAL, ULTIMATE ENERGY COMPANY, ULTIMATE ORANGE ENERGY CO., LLC, MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and GENERAL NUTRITION CORPORATION, d/b/a GENERAL NUTRITION COMPANIES, INC., a wholly owned subsidiary of ROYAL NUMICO NV, | ) ) ) ) ) ) ) ) ) | 04L 007864 CALENDAR D PRODUCT LIABILITY |
| Defendants. | ) | |

### COMPLAINT AT LAW

NOW COMES Plaintiff JOSHUA THEIS, by his attorneys, PAUL B. EPISCOPE, LLC., complaining of the Defendants, NEXT PROTEINS, INC., f/k/a NEXT NUTRITION, INC., d/b/a NEXT PROTEINS INTERNATIONAL, ULTIMATE ENERGY COMPANY, THE ULTIMATE ORANGE ENERGY CO., LLC, MUSCLETECH RESEARCH AND DEVELOPMENT, INC. and GENERAL NUTRITION CORPORATION, d/b/a GENERAL NUTRITION COMPANIES, INC., a wholly owned subsidiary of ROYAL NUMICO NV, and , and each of them, states as follows:

-1-

EXHIBIT
A

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.      Defendant NEXT PROTEINS, INC., d/b/a NEXT PROTEINS INTERNATIONAL, is a California corporation. NEXT PROTEINS, INC. is the successor corporation of NEXT NUTRITION, INC. (hereinafter collectively referred to as "NEXT PROTEINS").

2.      Defendant NEXT PROTEINS is in the business of manufacturing, marketing, selling and distributing dietary and nutritional supplements. At all relevant times hereto, Defendant NEXT PROTEINS manufactured, marketed, sold and distributed certain dietary and nutritional supplements sold as "Ultimate Punch" and "Ultimate Orange."

3.      Defendant NEXT PROTEINS placed both of the aforementioned products into the stream of commerce.

4.      Defendant ULTIMATE ENERGY COMPANY is a California corporation.

5.      Defendant ULTIMATE ENERGY COMPANY is in the business of distributing dietary and nutritional supplements. At all relevant times hereto, ULTIMATE ENERGY COMPANY distributed Ultimate Punch and Ultimate Orange.

6.      Defendant ULTIMATE ENERGY COMPANY placed both of the aforementioned products into the stream of commerce.

7.      Defendant ULTIMATE ORANGE ENERGY CO., LLC is a California limited liability company.

8.      Defendant ULTIMATE ORANGE ENERGY CO., LLC is in the business of distributing dietary and nutritional supplements. At all relevant times hereto, Defendant ULTIMATE ORANGE ENERGY CO., LLC distributed Ultimate Punch and Ultimate Orange.

9.      Defendant ULTIMATE ORANGE ENERGY CO., LLC placed both of the aforementioned products into the stream of commerce.

10. Defendant MUSCLETECH RESEARCH AND DEVELOPMENT, INC. is a Canadian corporation.

11. Defendant MUSCLETECH RESEARCH AND DEVELOPMENT, INC. (hereinafter referred to as "MUSCLETECH") is in the business of manufacturing, marketing, selling and distributing dietary and nutritional supplements. At all relevant times hereto, Defendant MUSCLETECH manufactured, marketed, sold and distributed certain dietary and nutritional supplement sold as "Hydroxycut."

12. Defendant MUSCLETECH placed Hydroxycut into the stream of commerce.

13. Defendant GENERAL NUTRITION CORPORATION is a Pennsylvania corporation. Defendant GENERAL NUTRITION COMPANIES, INC. is a Delaware corporation (hereinafter collectively referred to as "GNC"). GNC is a wholly owned subsidiary of ROYAL NUMICO NV, a Dutch corporation headquartered in Zoetermeer, The Netherlands.

14. GNC is a retailer in the business of marketing and selling dietary and nutritional supplements and related products. GNC operates company-owned and franchised retail stores operating under the names "General Nutrition Center" and "GNC Live Well" (hereinafter collectively referred to as "GNC stores"). At all times relevant hereto, GNC sold Ultimate Punch, Ultimate Orange and Hydroxycut through its company-owned and franchised GNC stores.

15. This Court has personal jurisdiction over Defendants NEXT PROTEINS, INC., ULTIMATE ENERGY COMPANY, ULTIMATE ORANGE ENERGY CO., LLC and MUSCLETECH RESEARCH AND DEVELOPMENT, INC. because each of them and/or their representatives, agents and employees have, among other acts, submitted themselves to the jurisdiction of the courts of Illinois by transacting business and/or committing the tortious acts complained of herein within Illinois.

-3-

16. Plaintiff JOSHUA THEIS, who was at all relevant times a resident of the Town of Lemont and State of Illinois, purchased Ultimate Punch, Ultimate Orange and Hydroxycut at a GNC store located in Homer Glen, Illinois.

17. Ultimate Punch, Ultimate Orange and Hydroxycut each contain ephedrine, ephedra and/or ephedrine-containing ma huang (hereinafter collectively referred to as "ephedrine"). These products also contain caffeine or a caffeine equivalent.

18. Ephedrine-based supplements may cause a wide range of adverse effects, including but not limited to heart arrhythmia, strokes, cardiac arrests, seizures and death.

19. Any injuries or damages sustained by the Plaintiff was directly and proximately caused by one or more of the following acts or omissions of the Defendants:

    (a) Failure to formulate, manufacture, market and test the aforementioned products in a manner reasonably safe for their intended use;

    (b) Failure to warn potential users and/or consumers of the defective condition of the aforementioned products; and

    (c) Failure to train, control and supervise its agents, employees and franchisees to ensure that the products were sold in a reasonably safe condition, resulting in negligent acts or omissions of its agents.

## COUNT I (NEGLIGENCE)
## NEXT PROTEINS, INC.

1-19. Plaintiff JOSHUA THEIS hereby adopts paragraphs 1-19 as though fully set forth herein.

20. Ultimate Punch and Ultimate Orange contain ephedrine. These products also contain caffeine.

21. Defendant NEXT PROTEINS had a duty to formulate, manufacture, distribute and sell its Ultimate Punch and Ultimate Orange products in a reasonably safe condition.

-4-

22.     Defendant NEXT PROTEINS and its agents and/or employees knew or should have known that Ultimate Punch and Ultimate Orange contained ephedrine, an ingredient known to cause serious adverse cardiovascular and neurosurgical incidents, including heart arrhythmia, strokes, cardiac arrests, seizures and death.

23.     Defendant NEXT PROTEINS marketed Ultimate Punch and Ultimate Orange as a supplement to be used in conjunction with physical activity.

24.     Defendant NEXT PROTEINS and its agents and/or employees knew or should have known that the aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with physical activity.  Furthermore, Defendant NEXT PROTEINS and its agents and/or employees knew or should have known that the aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with caffeine consumption.

25.     Defendant NEXT PROTEINS and its agents and/or employees had a duty to warn sellers and foreseeable users, including Plaintiff JOSHUA THEIS of any and all risks associated with the use of Ultimate Punch and Ultimate Orange.

26.     In violation of the aforementioned duties, Defendant NEXT PROTEINS and its agents and/or employees were guilty of one or more of the following negligent acts or omissions:

(a)     Failure to exercise reasonable care by using product ingredients which were unsafe, and which can lead to serious cardiovascular and neurological incidents including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(b)     Failure to properly warn product users of the potential complications from the use of Ultimate Punch and Ultimate Orange, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(c)     Failure to provide product information to retailers and distributors which would permit them to educate customers and users concerning the aforementioned

-5-

potential complications from the use of Ultimate Punch and Ultimate Orange, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(d) Failure to properly test Ultimate Punch and Ultimate Orange before selling the product to the public;

(e) Failure to provide a warning to sellers and product users, including Plaintiff JOSHUA THEIS, that Ultimate Punch and Ultimate Orange had not been subjected to substantial and adequate testing prior to marketing;

(f) Marketing Ultimate Punch and Ultimate Orange as an energy supplement for uses known to increase the potential for complications, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(g) Were otherwise careless and negligent.

27. As a direct and proximate result of one or more of the aforementioned allegations of negligence, Plaintiff JOSHUA THEIS was injured.

WHEREFORE, Plaintiff JOSHUA THEIS prays for the entry of a verdict by a jury against Defendant NEXT PROTEINS, INC., f/k/a NEXT NUTRITION, INC., d/b/a NEXT PROTEINS INTERNATIONAL, in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois and as a jury may deem fit and which will fairly and adequately compensate Plaintiff JOSHUA THEIS for the injuries and damages sustained.

### COUNT II (NEGLIGENCE)
### ULTIMATE ENERGY COMPANY and
### ULTIMATE ORANGE ENERGY CO., LLC

1-19. Plaintiff JOSHUA THEIS hereby adopts paragraphs 1-19 as though fully set forth herein.

20. Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC had a duty to distribute Ultimate Punch and Ultimate Orange products in a reasonably safe condition.

-6-

21. Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC and their agents and employees knew or should have known that Ultimate Punch and Ultimate Orange contained ephedrine, an ingredient known to cause serious adverse cardiovascular and neurological incidents including heart arrhythmia, strokes, cardiac arrests, seizures and death.

22. Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC and their agents and/or employees knew or should have known that the aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with physical activity. Furthermore, Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC and their agents and/or employees knew or should have known that the aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with caffeine consumption.

23. Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC and their agents and/or employees had a duty to warn sellers and foreseeable users, including Plaintiff JOSHUA THEIS of any and all risks associated with the use of Ultimate Punch and Ultimate Orange.

24. In violation of the aforementioned duties, Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC and their agents and/or employees were guilty of one or more of the following negligent acts or omissions:

    (a) Failure to properly warn product users of the potential complications from the use of Ultimate Punch and Ultimate Orange, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

    (b) Failure to provide product information to retailers and distributors which would permit them to educate customers and users concerning the aforementioned

-7-

potential complications from the use of Ultimate Punch and Ultimate Orange, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(c) Failure to provide a warning to sellers and product users, including Plaintiff JOSHUA THEIS, that Ultimate Punch and Ultimate Orange had not been subjected to substantial and adequate testing prior to marketing; and

(d) Were otherwise careless and negligent.

25. As a direct and proximate result of one or more of the aforementioned allegations of negligence, Plaintiff JOSHUA THEIS was injured

WHEREFORE, Plaintiff JOSHUA THEIS prays for the entry of a verdict by a jury against Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC, and each of them, in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois and as a jury may deem fit and which will fairly and adequately compensate Plaintiff JOSHUA THEIS for the injuries and damages sustained.

### COUNT III (NEGLIGENCE)
### MUSCLETECH RESEARCH AND DEVELOPMENT, INC.

1-19. Plaintiff JOSHUA THEIS hereby adopts paragraphs 1-19 as though fully set forth herein.

20. Hydroxycut contains ephedrine. Hydroxycut also contains caffeine.

21. Defendant MUSCLETECH had a duty to formulate and manufacture its product sold as Hydroxycut in a reasonably safe condition.

22. Defendant MUSCLETECH and its agents and/or employees knew or should have known that Hydroxycut contained ephedrine, an ingredient known to cause serious adverse cardiovascular and neurosurgical incidents, including heart arrhythmia, strokes, cardiac arrests, seizures and death.

-8-

23.    Defendant MUSCLETECH marketed Hydroxycut as a supplement to be used in conjunction with physical activity.

24.    Defendant MUSCLETECH and its agents and/or employees knew or should have known that the aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with physical activity.  Furthermore, Defendant MUSCLETECH and its agents and/or employees knew or should have known that the aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with caffeine consumption.

25.    Defendant MUSCLETECH and its agents and/or employees had a duty to warn sellers and foreseeable users, including Plaintiff JOSHUA THEIS of any and all risks associated with the use of Hydroxycut.

26.    In violation of the aforementioned duties, Defendant MUSCLETECH and its agents and/or employees were guilty of one or more of the following negligent acts or omissions:

(a)    Failure to exercise reasonable care by using product ingredients which were unsafe, and which can lead to serious cardiovascular and neurological incidents including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(b)    Failure to properly warn product users of the potential complications from the use of Hydroxycut, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(c)    Failure to provide product information to retailers and distributors which would permit them to educate customers and users concerning the aforementioned potential complications from the use of Hydroxycut, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(d)    Failure to properly test Hydroxycut before selling the product to the public;

(e)    Failure to provide a warning to sellers and product users, including Plaintiff JOSHUA THEIS, that Hydroxycut had not been subjected to substantial and adequate testing prior to marketing; and

-9-

(f)      Was otherwise careless and negligent.

27.      As a direct and proximate result of one or more of the aforementioned allegations of negligence, Plaintiff JOSHUA THEIS was injured.

WHEREFORE, Plaintiff JOSHUA THEIS prays for the entry of a verdict by a jury against Defendant MUSCLETECH RESEARCH AND DEVELOPMENT, INC., in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois and as a jury may deem fit and which will fairly and adequately compensate Plaintiff JOSHUA THEIS for the injuries and damages sustained.

### COUNT V (NEGLIGENCE)
### GENERAL NUTRITION CORPORATION, d/b/a
### GENERAL NUTRITION COMPANIES, INC.,
### a Wholly Owned Subsidiary of ROYAL NUMICO VN

1-19.    Plaintiff JOSHUA THEIS hereby adopts paragraphs 1-19 as though fully set forth herein.

20.      Plaintiff JOSHUA THEIS purchased Hydroxycut, Ultimate Punch and Ultimate Orange at GNC stores located in Illinois and Iowa.

21.      The Plaintiff JOSHUA THEIS purchased the majority of the Hydroxycut, Ultimate Punch and Ultimate Orange, which he later consumed, at a GNC store located in Homer Glen, Illinois.

22.      Hydroxycut, Ultimate Punch and Ultimate Orange contain ephedrine. Hydroxycut, Ultimate Punch and Ultimate Orange also contain caffeine or a caffeine equivalent.

23.      Defendant GNC had a duty to sell the Hydroxycut, Ultimate Punch and Ultimate Orange products in a reasonably safe condition.

24. Defendant GNC and its agents, employees and franchisees knew or should have known that Hydroxycut, Ultimate Punch and Ultimate Orange contained ephedrine, an ingredient known to cause serious adverse cardiovascular and neurosurgical incidents, including heart arrhythmia, strokes, cardiac arrests, seizures and death.

25. Defendant GNC marketed and sold Hydroxycut, Ultimate Punch and Ultimate Orange as energy supplements to be used in conjunction with physical activity.

26. Defendant GNC and its agents, employees and franchisees knew or should have known that the aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with physical activity. Furthermore, Defendant GNC and its agents and/or employees knew or should have known that the aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with caffeine or caffeine equivalent consumption.

27. Defendant GNC and its agents, employees and franchisees had a duty to warn customers and foreseeable users, including Plaintiff JOSHUA THEIS of any and all risks associated with the use of Hydroxycut, Ultimate Punch and Ultimate Orange.

28. Defendant GNC and its agents, employees and franchisees had a duty to train, control and supervise its franchised stores to ensure that the Hydroxycut, Ultimate Punch and Ultimate Orange were sold in a reasonably safe manner.

28. In violation of the aforementioned duties, Defendant GNC and its agents and/or employees were guilty of one or more of the following negligent acts or omissions:

(a) Failure to properly warn customers and product users of the potential complications from the use of Hydroxycut, Ultimate Punch and Ultimate Orange, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(b) Failure to provide a warning to customers and product users, including Plaintiff JOSHUA THEIS, that Hydroxycut, Ultimate Punch and Ultimate Orange had not been subjected to substantial and adequate testing prior to marketing;

(c) Marketing and selling Hydroxycut, Ultimate Punch and Ultimate Orange as energy supplements for uses known to increase the potential for complications, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(d) Failure to properly train, control and supervise its franchised stores, resulting in negligent acts or omissions of Defendant GNC's franchisees; and

(e) Were otherwise careless and negligent.

29. As a direct and proximate result of one or more of the aforementioned allegations of negligence, Plaintiff JOSHUA THEIS was injured.

WHEREFORE, Plaintiff JOSHUA THEIS prays for the entry of a verdict by a jury against Defendant GENERAL NUTRITION CORPORATION, d/b/a GENERAL NUTRITION COMPANIES, INC., a wholly owned subsidiary of ROYAL NUMICO NV, in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois and as a jury may deem fit and which will fairly and adequately compensate Plaintiff JOSHUA THEIS for the injuries and damages sustained.

## COUNT VI (NEGLIGENCE-RESPONDEAT SUPERIOR)
### GENERAL NUTRITION CORPORATION, d/b/a GENERAL NUTRITION COMPANIES, INC., a Wholly Owned Subsidiary of ROYAL NUMICO VN

1-19. Plaintiff JOSHUA THEIS hereby adopts paragraphs 1-19 as though fully set forth herein.

20. Plaintiff JOSHUA THEIS purchased Hydroxycut, Ultimate Punch and Ultimate Orange at GNC stores located in Illinois and Iowa.

21. The Plaintiff JOSHUA THEIS purchased the majority of the Hydroxycut, Ultimate Punch and Ultimate Orange, which he later consumed, at a GNC store located in Homer Glen, Illinois.

-12-

22.     At all times relevant hereto, the franchisees of the Homer Glen, Illinois and Iowa GNC stores were agents of GNC, and GNC was the principal of such franchisees, as GNC had the right to control the conduct of said franchisees.

23.     In the alternative at all times relevant hereto, the franchisees of the Homer Glen, Illinois and Iowa GNC stores were apparent agents of GNC, as GNC consented to or knowingly acquiesced in such franchisees' exercise of authority on GNC's behalf, and third party customers and users of products sold by such franchisees possessed a good faith belief that the franchisees possessed authority on GNC's behalf and relied on the franchisees' authority.

24.     Ultimate Punch, Ultimate Orange and Hydroxycut contain ephedrine. Ultimate Punch, Ultimate Orange and Hydroxycut also contain caffeine or a caffeine equivalent.

25.     GNC's franchisees had a duty to sell the Hydroxycut, Ultimate Punch and Ultimate Orange products in a reasonably safe condition.

26.     GNC's franchisees and its agents, employees and franchisees knew or should have known that Hydroxycut, Ultimate Punch and Ultimate Orange contained ephedrine, an ingredient known to cause serious adverse cardiovascular and neurosurgical incidents, including heart arrhythmia, strokes, cardiac arrests, seizures and death.

27.     GNC's franchisees marketed and sold Hydroxycut, Ultimate Punch and Ultimate Orange as energy supplements to be used in conjunction with physical activity.

28.     GNC's franchisees and its agents, employees and franchisees knew or should have known that the aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with physical activity. Furthermore, GNC's franchisees and its agents and/or employees knew or should have known that the

aforementioned risks associated with ingestion of ephedrine are unreasonably increased when used in conjunction with caffeine or caffeine equivalent consumption.

29.     Defendant GNC's franchisees and its agents, employees and franchisees had a duty to warn customers and foreseeable users, including Plaintiff JOSHUA THEIS of any and all risks associated with the use of Hydroxycut, Ultimate Punch and Ultimate Orange.

30.     In violation of the aforementioned duties, Defendant GNC's franchisees and its agents and/or employees were guilty of one or more of the following negligent acts or omissions:

(a)     Failure to properly warn customers and product users of the potential complications from the use of Hydroxycut, Ultimate Punch and Ultimate Orange, including heart arrhythmia, strokes, cardiac arrests, seizures and death;

(b)     Failure to provide a warning to customers and product users, including Plaintiff JOSHUA THEIS, that Hydroxycut, Ultimate Punch and Ultimate Orange had not been subjected to substantial and adequate testing prior to marketing;

(c)     Marketing and selling Hydroxycut, Ultimate Punch and Ultimate Orange as energy supplements for uses known to increase the potential for complications, including heart arrhythmia, strokes, cardiac arrests, seizures and death; and

(d)     Were otherwise careless and negligent.

31.     As a direct and proximate result of one or more of the aforementioned allegations of negligence, Plaintiff JOSHUA THEIS was injured.

32.     At all times relevant hereto, GNC's franchisees were the actual and/or apparent agents of franchiser GNC.

33.     GNC, as principal, is vicariously liable for the negligence of the franchisees, as actual or apparent agents, who operated the GNC stores through a franchise agreement.

WHEREFORE, Plaintiff JOSHUA THEIS prays for the entry of a verdict by a jury against Defendant GENERAL NUTRITION CORPORATION, d/b/a GENERAL NUTRITION COMPANIES, INC., a wholly owned subsidiary of ROYAL NUMICO NV, in an amount in

-14-

...ess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois and as a jury may deem fit and which will fairly and adequately compensate Plaintiff JOSHUA THEIS for the injuries and damages sustained.

### COUNT VII (STRICT LIABILITY)
### NEXT PROTEINS, INC.

1-19.   Plaintiff hereby adopts paragraphs 1-19 as though fully set forth herein.

20.   At all times relevant herein, NEXT PROTEINS was in the business of manufacturing, marketing, distributing and selling Ultimate Punch and Ultimate Orange.

21.   Prior to August 6, 2002, NEXT PROTEINS and its agents and employees put into stream of commerce for distribution Ultimate Punch and Ultimate Orange.

22.   At the time Plaintiff JOSHUA THEIS ingested Ultimate Punch and Ultimate Orange, said products were in the same condition as they were when they left the control of Defendant NEXT PROTEINS.

23.   At the time the Ultimate Punch and Ultimate Orange left the control of Defendant NEXT PROTEINS, said products were defective and unreasonably dangerous in that:

(a)   They contained ingredients known to cause potential adverse health effects, including heart arrhythmia, strokes, cardiac arrests, seizures and death under conditions or normal, proper and reasonably foreseeable use;

(b)   They were not accompanied by warnings of known risks associated with the use of the products in their proper and reasonably foreseeable use;

(c)   They were not accompanied by a warning that such products and/or ingredients contained in such product had been associated with serious adverse reactions, including heart arrhythmia, strokes, cardiac arrests, seizures and death under conditions of normal, proper and reasonably foreseeable use; and

(d)   They were not accompanied by a warning that they had not been subjected to substantial and adequate testing prior to marketing.

24.   As a direct and proximate result of one or more of the aforementioned allegations, Plaintiff JOSHUA THEIS was injured.

-15-

WHEREFORE, Plaintiff JOSHUA THEIS prays for the entry of a verdict by a jury against Defendant NEXT PROTEINS, INC., f/k/a NEXT NUTRITION, INC., d/b/a NEXT PROTEINS INTERNATIONAL, in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois and as a jury may deem fit and which will fairly and adequately compensate Plaintiff JOSHUA THEIS for the injuries and damages sustained.

### COUNT VIII (STRICT LIABILITY)
### ULTIMATE ENERGY COMPANY and
### ULTIMATE ORANGE ENERGY CO., LLC

1-19. Plaintiff hereby adopts paragraphs 1-19 as though fully set forth herein.

20. At all times relevant herein, ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC were in the business of manufacturing, marketing, distributing and selling Ultimate Punch and Ultimate Orange.

21. Prior to August 6, 2002, ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC and their agents and employees distributed Ultimate Punch and Ultimate Orange.

22. At the time Plaintiff JOSHUA THEIS ingested Ultimate Punch and Ultimate Orange, said products were in the same condition as they were when they left the control of Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC.

23. At the time the Ultimate Punch and Ultimate Orange left the control of Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC, said products were defective and unreasonably dangerous in that:

(a) They contained ingredients known to cause potential adverse health effects, including heart arrhythmia, strokes, cardiac arrests, seizures and death under conditions or normal, proper and reasonably foreseeable use;

-16-

(b)    They were not accompanied by warnings of known risks associated with the use of the products in their proper and reasonably foreseeable use;

(c)    They were not accompanied by a warning that such products and/or ingredients contained in such product had been associated with serious adverse reactions, including heart arrhythmia, strokes, cardiac arrests, seizures and death under conditions of normal, proper and reasonably foreseeable use; and

(d)    They were not accompanied by a warning that it had not been subjected to substantial and adequate testing prior to marketing.

24.    As a direct and proximate result of one or more of the aforementioned allegations, Plaintiff JOSHUA THEIS was injured.

WHEREFORE, Plaintiff JOSHUA THEIS prays for the entry of a verdict by a jury against Defendants ULTIMATE ENERGY COMPANY and ULTIMATE ORANGE ENERGY CO., LLC in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois and as a jury may deem fit and which will fairly and adequately compensate Plaintiff JOSHUA THEIS for the injuries and damages sustained.

## COUNT IX (STRICT LIABILITY)
## MUSCLETECH RESEARCH AND DEVELOPMENT, INC.

1-19.    Plaintiff hereby adopts paragraphs 1-19 as though fully set forth herein.

20.    At all times relevant herein, MUSCLETECH was in the business of manufacturing, marketing, distributing and selling Hydroxycut.

21.    Prior to August 6, 2002, MUSCLETECH and its agents and employees put into stream of commerce for distribution Hydroxycut.

22.    At the time Plaintiff JOSHUA THEIS ingested Hydroxycut, said product was in the same condition as it was when it left the control of Defendant MUSCLETECH.

23.    At the time the Hydroxycut left the control of Defendant MUSCLETECH, said product was defective and unreasonably dangerous in that:

-17-

(a)    It contained ingredients known to cause potential adverse health effects, including heart arrhythmia, strokes, cardiac arrests, seizures and death under conditions or normal, proper and reasonably foreseeable use;

(b)    It was not accompanied by warnings of known risks associated with the use of the product in its proper and reasonably foreseeable use;

(c)    It was not accompanied by a warning that such product and/or ingredients contained in such product had been associated with serious adverse reactions, including heart arrhythmia, strokes, cardiac arrests, seizures and death under conditions of normal, proper and reasonably foreseeable use; and

(d)    It was not accompanied by a warning that it had not been subjected to substantial and adequate testing prior to marketing.

24.    As a direct and proximate result of one or more of the aforementioned allegations, Plaintiff JOSHUA THEIS was injured.

WHEREFORE, Plaintiff JOSHUA THEIS prays for the entry of a verdict by a jury against Defendant MUSCLETECH RESEARCH AND DEVELOPMENT, INC. in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois and as a jury may deem fit and which will fairly and adequately compensate Plaintiff JOSHUA THEIS for the injuries and damages sustained.

PAUL B. EPISCOPE, LLC

By:_____

Michael T. Mullen

PAUL B. EPISCOPE, LLC
Attorneys for Plaintiff
77 West Washington Street, Suite 300
Chicago, IL 60602
312/782-6636
#20075

-18-

Civil Action Cover Sheet        (Rev. 6/19/03) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOSHUA THEIS

             v.

NEXT PROTEINS, INC.,

} No.

**COPY**

04L 007864
CALENDAR D
PRODUCT LIABILITY

## CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate general category and then check the subcategory thereunder, if applicable, which best characterizes your action.

Jury Demand   ☐ Yes   ☐ No

(FILE STAMP)

### ☑ PERSONAL INJURY/WRONGFUL DEATH

- ☐ 027   Motor Vehicle
- ☐ 040   Medical Malpractice
- ☐ 047   Asbestos
- ☐ 048   Dram Shop
- ☑ 049   Product Liability
- ☐ 051   Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052   Railroad/FELA
- ☐ 053   Pediatric Lead Exposure
- ☐ 061   Other Personal Injury/Wrongful Death
- ☐ 063   Intentional Tort
- ☐ 064   Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065   Premises Liability
- ☐ 078   Fen-phen/Redux Litigation
- ☐ 199   Silicone Implant

### ☐ 062   PROPERTY DAMAGE

### ☐ 066   LEGAL MALPRACTICE

### ☐ TAX & MISCELLANEOUS REMEDIES

- ☐ 007   Confession of Judgment
- ☐ 008   Replevin
- ☐ 009   Tax
- ☐ 015   Condemnation
- ☐ 017   Detinue
- ☐ 029   Unemployment Compensation
- ☐ 036   Administrative Review Action
- ☐ 085   Petition to Register Foreign Judgment
- ☐ 099   All Other Extraordinary Remedies

### ☐ COMMERCIAL LITIGATION

- ☐ 002   Breach of Contract
- ☐ 070   Professional Malpractice
  (other than legal or medical)
- ☐ 071   Fraud
- ☐ 072   Consumer Fraud
- ☐ 073   Breach of Warranty
- ☐ 074   Statutory Action
  *(Please Specify Below**)*
- ☐ 075   Other Commercial Litigation
  *(Please Specify Below**)*
- ☐ 076   Retaliatory Discharge

### ☐ 077   LIBEL/SLANDER

### ☐ OTHER ACTIONS

- ☐ 079   Petition for Qualified Orders
- ☐ 084   Petition to Issue Subpoena
- ☐ 100   Petition for Discovery

** _____

_____

By: _____
      (Attorney)            (Pro Se)

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Case: 1:04-cv-07248 Document #: 1 Filed: 11/09/04 Page 28 of 30 PageID #:28

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

_____,
                                        Plaintiff(s)          Case No. _04 L 7864_

                        v.
_____,                            Motion Call "_____" Line #: _1_
                                        Defendant(s)

## MASTER CALENDAR MOTION COURTROOMS CASE MANAGEMENT ORDER
### (Please check off all pertinent paragraphs and circle proper party name.)

(8230) _____ 1. Category #1 (18 Month Discovery)        (8232) __X__ 1a. Category #2 (28 Month Discovery)

(4296) _____ 2. Written discovery & 213(f)(1) and (2) disclosures to be completed by _____;

(4218) _____ 3. Oral Discovery & 213(f)(1) and (2) depositions to be completed by _____;

(4218) _____ 4. Treating physicians depositions to be completed by _____;

(4288) _____ 5. Subpoenas for treating physicians depositions to be issued by _____;

(4296) _____ 6. _____ shall complete outstanding written discovery by _____;

(4218) _____ 7. _____ shall be presented for deposition by _____;

(4206) _____ 8. Plaintiff/Defendant/Add. Party shall answer 213 (f)(3) interrogatories by _____;

(4218) _____ 9. Plaintiff's 213(f)(3) witnesses to be deposed by _____;

(4218) _____ 10. Defendant's 213(f)(3) witnesses to be deposed by _____;

(4218) _____ 11. Additional party's 213(f)(3) witnesses to be deposed by _____;

(4619) __X__ 12. The matter is continued for subsequent Case Management Conference on _12-7-04_
          at _9:32_ AM/PM in Room _2208_ for:
          (A) ___Proper Service      (B)_X_Appearance of Defendants      (C) ___Case Value
          (D) ___Pleading Status     (E) ___Discovery Status              (F) ___Pre-Trial/Settlement
          (G) ___Other: _____
               _____
               _____

(4005) _____ 13. Case is dismissed for want of prosecution.(4040) _____ The case is voluntarily dismissed under
          735 ILCS 5/2-1009.

## NOTICE:
* Failure of any party to comply with this Case Management Order will be a basis for Rule 219(c) sanctions.
* Failure of any party to enforce this Case Management Order
  will constitute a waiver of such discovery by that party.
* All cases arriving on the Trial Call in Courtroom 2005 must
  have all discovery in Lines 2 through 11 completed.
* A copy of this order is to be sent to each party by his/her counsel
  within 10 (ten) days of the initial Case Management Date.

Atty. No.: _____
Name: _____
Atty. for: _____
Address: _____
City/State/Zip: _____
Telephone: _____

ENTERED:

ENTERED
OCT 12 2004
JUDGE JEFFREY LAWRENCE                    Judge's Stamp

EXHIBIT
B

Judge _____                    Judge's No. _____

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DOCKETED

NOV 1 0 2004

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

JOSHUA THEIS

## DEFENDANTS

NEXT PROTEINS, INC., f/k/a NEXT NUTRITION, INC., d/b/a NEXT PROTEINS INTERNATIONAL, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paul B. Episcope, Ltd., 77 W. Washington St., Suite 300, Chicago, IL 60602, 312-782-6636

ATTORNEYS (IF KNOWN) Jeffrey Singer
Segal, McCambridge, Singer & Mahoney
330 N. Wabash Ave., Suite 200
Chicago, IL 60611 312-645-7800

JUDGE KENNELLY

04C 7248

MAGISTRATE JUDGE KEYS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332 - Products Liability/Personal Injury Diversity Action Removed from Illinois State Court

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 11/9/04

SIGNATURE OF ATTORNEY OF RECORD

Defendant, MuscleTech Research & Development, Inc. demands trial by jury for all matters and controversies relating to the above-captioned matter.

1-2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**DOCKETED**

In the Matter of

JOSHUA THEIS V. NEXT PROTEINS, INC., f/k/a NEXT
NUTRITION, INC., d/b/a NEXT PROTEINS
INTERNATIONAL, et al.

JUDGE KENNELLY   NOV 1 0 2004

Case Number:

# 04C 7248

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MUSCLETECH RESEARCH & DEVELOPMENT, INC.

MAGISTRATE JUDGE BROWN

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE | | | SIGNATURE | | |
| NAME LLOYD E. WILLIAMS, JR. | | | NAME STEVEN J. ROEDER | | |
| FIRM Williams Montgomery & John Ltd. | | | FIRM Williams Montgomery & John Ltd. | | |
| STREET ADDRESS 20 N. Wacker Dr., Suite 2100 | | | STREET ADDRESS 20 N. Wacker Dr., Suite 2100 | | |
| CITY/STATE/ZIP Chicago, IL 60606 | | | CITY/STATE/ZIP Chicago, IL 60606 | | |
| TELEPHONE NUMBER 312-443-3200 | FAX NUMBER 312-630-8500 | | TELEPHONE NUMBER 312-443-3256 | FAX NUMBER 312-630-8500 | |
| E-MAIL ADDRESS lew@willmont.com | | | E-MAIL ADDRESS sjr@willmont.com | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 3024903 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6188428 | | |
| MEMBER OF TRIAL BAR? | YES ☑ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☑ | NO ☐ |
| TRIAL ATTORNEY? | YES ☑ | NO ☐ | TRIAL ATTORNEY? | YES ☑ | NO ☐ |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☑ |
| (C) | | | (D) | | |
| SIGNATURE | | | SIGNATURE | | |
| NAME David E. Kravitz | | | NAME Sean G. Joyce | | |
| FIRM Williams Montgomery & John Ltd. | | | FIRM Williams Montgomery & John Ltd. | | |
| STREET ADDRESS 20 N. Wacker Dr., Suite 2100 | | | STREET ADDRESS 20 N. Wacker Dr., Suite 2100 | | |
| CITY/STATE/ZIP Chicago, IL 60606 | | | CITY/STATE/ZIP Chicago, IL 60606 | | |
| TELEPHONE NUMBER 312-443-3856 | FAX NUMBER 312-630-8500 | | TELEPHONE NUMBER 312-855-4862 | FAX NUMBER 312-630-8500 | |
| E-MAIL ADDRESS dek@willmont.com | | | E-MAIL ADDRESS sgj@willmont.com | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6225377 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6280306 | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ |
| TRIAL ATTORNEY? | YES ☐ | NO ☑ | TRIAL ATTORNEY? | YES ☐ | NO ☑ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☑ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☑ |

1-3